## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| CATALYST MEDIUM FOUR, INC., dba CM4, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:16-cv-00894 |
| v. | § § | **JURY TRIAL DEMANDED** |
| PRODUCT ZONE GROUP, INC., and OVADIA SHMUEL, SR., an individual | § § § | |
| Defendants. | § § § § | |

## COMPLAINT

Plaintiff Catalyst Medium Four, Inc., dba CM4 ("CM4") files this Original Complaint against Defendant Product Zone Group, Inc. ("Product Zone Group") and Defendant Ovadia Shmuel, Sr. an individual ("Shmuel"), (collectively, "Defendants"), and alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff CM4 seeks relief and recovery from the conduct of Defendants who have, without authorization, copied and sold products of the Plaintiff.  In particular, Defendants have counterfeited and, on information and belief, continue to counterfeit Plaintiff CM4's mobile phone cases and have used photographs and trademarks belonging to CM4 in furtherance of their wrongful conduct.

2.      Plaintiff CM4 is an Austin-based business that designs and sells mobile phone cases.  Since 2011, CM4 has been continuously engaged in the design, manufacture and sale of cell phone cases for a variety of mobile phones.  CM4 designed, advertises and sells a mobile phone case for use with the Apple iPhone 6 that hereafter will be identified as the "CM4 Q Card

Case." CM4 has produced and sold the CM4 Q Card Case since September 2014. Those sales continue today. Exhibit 2 is a series of photographs that depict the CM4 Q Card Case that is central to this lawsuit. (Altschul Decl. at ¶¶ 8-10.)[1]

3.      CM4 sells the CM4 Q Card Case through a variety of stores and websites. For example, distributors Wynitt and Synnex distribute the CM4 Q Card Case in stores across the United States and Canada including, in the United States, for example, at Fry's Electronics and Microcenter. Plaintiff CM4 also sells the CM4 Q Card Case on its website www.cm4.com as well as Ebay and Amazon. (Altschul Decl. at ¶ 11).

4.      Exhibit 3 is a copy of an Amazon page illustrating the genuine CM4 Q Card Case as offered by CM4 through Amazon. (Altschul Decl. at ¶ 11.)

5.      CM4 spent months and thousands of dollars designing the CM4 Q Card Case. CM4 spent hundreds more hours designing the production tooling and arranging the manufacturing processes that have resulted in the CM4 Q Card Case. CM4 has spent over $500,000 advertising and marketing the CM4 Q Card Case. Thousands more dollars have been spent by CM4 on production costs for this product. Further, thousands of units of inventory have been produced and stored by CM4. (Altschul Decl. at ¶ 10.)

6.      Taking advantage of the Plaintiff's skill, expenditure and efforts in designing, producing and marketing the CM4 Q Card Case, Defendants have chosen to unfairly misappropriate the skill, design, efforts and investments of CM4. In furtherance of their misappropriation, Defendants have imported, offered for sale and sold mobile phone cases in the State of Texas and in interstate commerce which are unauthorized reproductions of the CM4 Q

---

[1] Exhibit 1 to this Complaint is the Declaration of Matt Altschul (hereinafter "Altschul Decl."). Exhibits 2 - 5, 11 & 12 are supported by the Altschul Declaration.

Card Case.  The unauthorized reproductions of the Defendants will be identified as "Product Zone Group Cases."

7.     Plaintiffs' scheme is illustrated, in part, by Exhibit 4, which shows in comparison, a genuine CM4 Q Card Case and the counterfeit Product Zone Group Case that was shipped to Matt Altschul in Austin, Texas in July of 2015. (Altschul Decl. at ¶ 12.)  Exhibit 5 is the receipt for the Product Zone Group Case sold by Product Zone Group and shipped to Mr. Altschul in Austin.  (*See* Altschul Decl. at ¶ 14.)  The receipt falsely states that it is a receipt for a "Q Card Case for iPhone 6 (4.7 inches) by CM4…." (Ex. 5.)  Exhibit 5, the receipt, does, however, disclose that the received counterfeit case was, "Sold by Product Zone Group." The receipt falsely states the received product's origin as CM4 when the case it accompanied was a Product Zone Group Case, rather than a genuine Q Card Case.  (*See* Ex. 5 and Altschul Decl at ¶12.)  Mr. Altschul personally examined the Product Zone Group Case and determined that it was not made by or for CM4.  (Altschul Decl. at ¶ 13.)

8.     Defendant Product Zone Group is not authorized to sell CM4 products. (Altschul Decl. at ¶ 13.)

9.     CM4 marks its products with its trademark "CM4."  The mark "CM4" was first used by CM4 at least as early as July of 2009 and was used in commerce at least as early as May of 2010.  The mark "CM4" is the subject of CM4's pending U.S. Trademark Reg. App. No. 86950740, the status page for which is attached as Exhibit 6 (Ex. 6, the "CM4 Application").

10.    CM4 marks many of its mobile phone cases with its trademark "Q CARD CASE." The mark "Q CARD CASE" is the subject of CM4's pending U.S. Trademark Reg. App. No. 86695087, the status page for which is attached as Exhibit 7 (Ex.7, the "Q CARD CASE Application").  The Q CARD CASE Application was published by the US Trademark Office for

opposition and the opposition period ended June 30, 2016.  No opposition has been indicated as of the date of this Complaint.  CM4 expects that the Q CARD CASE Application will mature in due course into a U.S. Trademark Registration sometime early this fall.

11.     In late June of this year, the undersigned attorney for the Plaintiff CM4 ordered a cell phone case from an Amazon webpage reached by an internet search for "Q Card Case."  An email confirmation from Amazon indicated that the product ordered was from Product Zone Group and not Plaintiff CM4.  That case arrived in Austin on Friday, July 1, 2016 and is shown in the photograph of Exhibit 8 attached hereto (Ex. 8, the "2016 Product Zone Group Case").  The 2016 Product Zone Group Case is identical to the Product Zone Group Case received in 2015 by Mr. Altschul except that the CM4 trademarks have been removed.  Even so, it is a counterfeit of the genuine CM4 Q Card Case and is being sold in direct and destructive price competition to the genuine CM4 Q Card Case.

12.     Defendants operate an interactive website from which a variety of products may be ordered by Texas residents.  That website address is https://productzonegroup.com.  Recently, Defendants have allowed their interactive website to be used for orders for the Product Zone Group Case to be made from Austin but then, those orders are canceled within hours.  The Product Zone Group interactive website continues however to be a conduit for other products shipped into Texas and, in particular, Austin.

13.     In late June of this year, Angela Trampel, senior paralegal with the Plaintiff's law firm Denko & Bustamante LLP ordered a watch from Product Zone Group through the interactive Product Zone Group website https://productzonegroup.com.  Exhibit 9 are copies of screen shots of the order, check out and confirmation page showing the delivery address to be Austin, Texas.

## JURISDICTION AND VENUE

14.     This is an action for unfair competition under Section 43(a) the Lanham Act, 15 U.S.C. § 1125 and the laws of the State of Texas, trademark infringement under the common law, and copyright infringement under 17 U.S.C. § 106 and § 501 *et seq.* The matter in controversy, exclusive of interest and costs, exceeds the sum or value of seventy-five thousand dollars ($75,000) and is between citizens of different states and/or arises under the laws of the United States.

15.     The Court has jurisdiction of the subject matter pursuant to § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332(a) and (c), and 1338 and/or 1367(a).

16.     The Court has personal jurisdiction over the Defendants because, among other things, Defendants have done and are doing business in the State of Texas and in this judicial district.  Further, the Defendants have caused injury to the Plaintiff and its property within the State of Texas and in this district.

17.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or § 1400(a).

## THE PARTIES

18.     Plaintiff Catalyst Medium Four, Inc. ("CM4") is a corporation organized and existing under the laws of the state of Texas, with a principal place of business at 500 E. 4th St., Ste. 122, Austin, TX 78701-3720.

19.     On information and belief, Defendant Product Zone Group, Inc. is a Florida corporation with principal offices at 1504 Bay Road, #1016, Miami Beach, FL 33139.  Product Zone Group may be served through its registered agent of record, Ovadia Shmuel, 1504 Bay Rd. #1016, Miami Beach, FL 33139.

20.     On information and belief, Defendant Shmuel is an individual who may be served at 1504 Bay Rd., #1016, Miami Beach, FL 33139.

**COUNT ONE**
**UNFAIR COMPETITION**
**15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act**

21.     As a cause of action and grounds for relief, Plaintiff CM4 alleges that Defendant Product Zone Group has engaged and is engaged in acts of unfair competition under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a) and common law and incorporates by reference prior Paragraphs 1 through 20 of the Complaint, inclusive, as if fully set forth herein.

22.     As a cause of action and grounds for relief, Plaintiff CM4 alleges that Defendant Shmuel has engaged and is engaged in acts of unfair competition under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law and incorporates by reference prior Paragraphs 1 through 21 of the Complaint as part of this count.

23.     As part of its cause of action against Defendant Shmuel, Plaintiff alleges on information and belief that Mr. Shmuel substantially and personally participated and participates in the unfair competition complained of herein.  Plaintiff alleges on information and belief that Mr. Shmuel used and uses Defendant Product Zone Group to deliberately carry out the acts of unfair competition complained of here.

24.     Defendants' importation, marketing and sale of mobile phone cases conveyed to customers with an receipt bearing infringing reproductions of the trademarks CM4 and Q CARD CASE as illustrated in Exhibit 5 constitute, *inter alia*, false designations of origin within the meaning of Section 43(a) of the Federal Trademark Act, 15 U.S.C. section 1125(a) which is likely to confuse or deceive the public as to the source, sponsorship and/or approval of Plaintiff CM4 all to Plaintiff's immediate and irreparable injury.

25.     Defendants have passed off the counterfeit Product Zone Group Cases as though they originate from CM4 and Defendants have traded upon the goodwill of CM4 and misappropriated the efforts, skill and investment CM4 expended to design, produce and market the CM4 Q Card Case.  (*See* Exs. 4, 8, 11 - 13 and, *generally*, Altschul Decl.)

26.     Defendants have harmed CM4 and wrongfully taken unto themselves sales and profits from their unlawful activity.  CM4 has further been harmed by loss of sales to the Defendants and suffered price degradation for its products in the market.

27.     Plaintiff believes that unless enjoined by this Court, Defendants will continue to engage in acts of unfair competition against the Plaintiff, thereby deceiving the public and causing the Plaintiff immediate and irreparable injury for which there is no adequate remedy at law.

**COUNT TWO**
**TRADEMARK INFRINGEMENT**
**<u>Common Law</u>**

28.     As a cause of action and ground for relief, Plaintiff CM4 alleges that Defendants have engaged in trademark infringement under the common law and incorporates by reference paragraphs 1 through 27 of the Complaint, inclusive, as if fully set forth herein.

29.     As part of its cause of action against Defendant Shmuel, Plaintiff alleges on information and belief that Mr. Shmuel substantially and personally participated in the trademark infringement complained of herein and incorporates by reference paragraphs 1 through 28 of the Complaint inclusive, as if fully set out herein.  Plaintiff alleges on information and belief that Mr. Shmuel used Defendant Product Zone Group to deliberately carry out the acts of trademark infringement complained of here.

30.     Defendants have engaged in importation, offering for sale and/or sale of the Product Zone Group Case in the State of Texas and interstate commerce.  The Defendant's Product Zone

Group Case has been shipped to customers with receipts that bear infringing reproductions of Plaintiff's trademarks "CM4" and "Q Card Case." (*See* Altschul Decl. at ¶¶ 12-14 & Exs. 4 & 5).

31.     Defendants used the trademarks CM4 and Q CARD CASE for the purpose of exploiting and trading upon the goodwill of Plaintiff and to enable the Defendants to misrepresent the Product Zone Group Case as emanating from or being otherwise sponsored or approved by Plaintiff.

32.     The Product Zone Group Case is inferior in quality to the CM4 Q Card Case. (*See* Altschul Decl. ¶ 13.)

33.     On information and belief, Defendants had actual knowledge of Plaintiff's prior use and exclusive rights in the trademarks CM4 and Q CARD CASE when Defendants began importation, offering for sale and/or sale of unauthorized reproductions of the CM4 Q Card Case and thus willfully and deliberately infringed Plaintiff's exclusive rights in the trademarks.

34.     Because of the inferior quality of the Product Zone Group Case sold by Defendants on Amazon under the guise of originating from Plaintiff, Plaintiff's Q Card Case is now becoming the subject of poor reviews on Amazon concerning the quality of its products. (*See* Altschul Decl. at ¶ 13.)

35.     By its conduct, Defendants have harmed CM4 and wrongfully taken unto themselves sales and profits to which they had and have no right. Plaintiff has further been harmed by loss of sales to Defendants and price degradation of the market for mobile phone cases from CM4.

**Count Three**
**Copyright Infringement**
**17 U.S.C. §§ 106 and 501**

36.     As a cause of action and ground for relief, Plaintiff CM4 alleges that Defendants have and are engaged in copyright infringement under 17 U.S.C. §§ 106 & 501 and incorporates by reference Paragraphs 1 through 35 of the Complaint, inclusive, as if fully set forth herein.

37.     As part of its cause of action against Defendant Shmuel, Plaintiff alleges on information and belief that Mr. Shmuel substantially and personally participated and participates in the copyright infringement complained of herein and Plaintiff incorporates by reference paragraphs 1 – 36 of the Complaint as if set out fully here.  Plaintiff alleges on information and belief that Mr. Shmuel used and uses Defendant Product Zone Group to deliberately carry out the acts of copyright infringement complained of here.

38.     The photographs of Exhibit 2 are owned by CM4 and were authored by Mr. Altschul. (Altschul Decl., ¶ 9).  Those photographs are the subject of a registration of copyright with the U.S. Copyright Office (hereinafter "the Infringed Photographs").  The application for registration of the Infringed Photographs was filed with a request for special handling pursuant to 37 C.F.R 201.15 and the copyrights were registered on July 1, 2016 as Registration No. VA 2-009-095.

39.     Exhibit 10 is a copy of the Certificate of Registration for the photographs of Exhibit 2 (Registration No. VA 2-009-095).

40.     Defendants have infringed Plaintiff's copyright in the Infringed Photographs in violation of Sections 106 and 501 *et seq.* of the Copyright Act through the actionable copying of the Infringed Photographs. For example, on information and belief, the Defendants have copied and used the Infringed Photographs (as well as the Plaintiff's trademarks) as shown in a webpage

from eBay listing "productzonegroup" as the seller. (*See* Altschul Decl. ¶ 15; *see also* Exs. 11 &

12.) The photographs used by the Defendants are identical to the Infringed Photographs owned by

CM4 which are shown in Exhibit 2.  Further, the same pictures in Exhibits 11 & 12 have been used

on an eBay webpage that again lists "productzonegroup" as the seller for an "iPhone 6/6s Wallet

Case-Credit Card Cash Holder."[2]

41.     Defendant's acts are willful, intentional and purposeful, in disregard of and with

indifference to Plaintiff's rights.

42.     As a direct and proximate result of the infringement by Defendants, Plaintiff is

entitled to damages in an amount to be proven at trial.

43.     Plaintiff is also entitled to Defendants' profits attributable to the infringement

pursuant to 17 U.S.C. § 504(a)(1) and (b), including an accounting of and a constructive trust as

to such profits.

44.     As a direct result and proximate result of the acts and conduct stated herein the

Plaintiff has sustained and will continue to suffer substantial, immediate, and irreparable injury,

for which there is no adequate remedy at law.  On information and belief, Plaintiff believes that

unless enjoined and restrained by this Court, the Defendants will continue to infringe the Plaintiff's

rights in the Infringed Photographs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendants, jointly and severally, and that such judgment include:

1.     Findings that the Defendants have, jointly and severally:

---

[2] A copy of this webpage can be found in Exhibit 13 to this Complaint and is available at
http://www.ebay.com/itm/182178477544 (as accessed July 7, 2016).

a.  competed unfairly with Plaintiff as defined by § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law and have otherwise injured the Plaintiff's business reputation in the manner complained of herein;

b.  infringed Plaintiff's exclusive rights in the marks CM4 and Q CARD CASE at common law; and

c.  have infringed the Plaintiff's copyright in the Infringed Photographs.

2.  An ORDER from the Court providing that the Defendants, jointly and severally:

a.  Be permanently enjoined from (a) continuing to infringe Plaintiff's copyright in the Infringed Photographs; (b) making, having made, offering to sell or selling any Product Zone Group Cases or any other reproduction, counterfeit, copy or colorable imitation of the CM4 Q Card Case; (c) using the trademarks "CM4" and/or "Q Card Case" on any product or packaging or invoices or any other reproduction, counterfeit, copy or colorable imitation of said marks; and (d) otherwise unfairly competing with the Plaintiff or its agents or distributors or otherwise injuring Plaintiff's business reputation. Such injunction shall extend to the Defendants and their respective agents, servants, employees, officers, successors, licensees and assigns and all persons acting in concert or participation with each or any of them;

b.  Be required in equity to account for, within 15 days of the ORDER, account for and pay to Plaintiff the profits Defendants have realized which are attributable to its acts of unfair competition pursuant to Section 43(a) of the

Federal Trademark Act, 15 U.S.C. §1125(a) and/or trademark infringement pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), as amended;

c.  Be required to deliver up for destruction all mobile phone cases, advertisements, labels, signs, packages, boxes, cartons, wrappers, and all other materials in the possession custody or under the control of either Defendant which are, which bear or are packaged with the Product Zone Group Case infringing reproduction of Plaintiff's Q Card Case or are a colorable imitation of or counterfeit of Plaintiff's Q Card Case or which bear or are packaged with any infringing reproduction of the marks CM4 or Q CARD CASE or colorable imitation of said marks, and all tooling, molds, patterns or designs and any means for making or duplicating the same pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118.

d.  Be required to pay the Plaintiff the Defendant's profits and any costs of this action and any damages which the Plaintiff sustained as a result of Defendants' acts of trademark infringement and unfair competition and such damages shall be trebled pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), as amended.

e.  Be required to pay the Plaintiff the damages which Plaintiff has sustained as a result of the Defendants' acts of copyright infringement pursuant to the Federal Copyright Act, 17 U.S.C. § 501.

f.  Be required to pay to Plaintiff, as punitive damages, $100,000 or an amount as the Court may deem just.

g.  Be required to pay the Plaintiff its reasonable attorneys' fees incurred in

pursuit of this action.

3.      Such other, different and additional relief as this Court deems equitable and proper.


Respectfully submitted,

Dated:  July 21, 2016

_____
J. Scott Denko
State Bar No. 00792457
denko@dcllegal.com
John M. Bustamante
State Bar No. 24040618
butstamante@dcllegal.com
DENKO & BUSTAMANTE LLP
114 W. 7th St., Suite 1100
Austin, Texas 78701
Telephone: (512) 906-2074
Facsimile: (512) 906-2075

**ATTORNEYS FOR PLAINTIFF**
**CATALYST MEDIUM FOUR, INC.,**
**dba CM4**

ORIGINAL COMPLAINT                                                    Page 13